USAO#2014R00425

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 OCT -2 PM 12: 03

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

CLERK'S OFFICE

BY_____DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. RDB14-0464 |
| v. | : | |
| | : | |
| TONIA LYNETTE HUNT, | : | (Conspiracy to Commit Wire Fraud, |
| KIMBERLY LYNN HUNT, | : | 18 U.S.C. § 1349; Wire Fraud, 18 U.S.C. |
| AMANDA MARIAM MONET YOUNG, | : | § 1343; Aggravated Identity Theft, |
| and | : | 18 U.S.C. § 1028A; Counterfeiting, |
| GREGORY GERARD HUNT, | : | 18 U.S.C. §§ 471 and 472; Aiding and |
| | : | Abetting, 18 U.S.C. § 2) |
| Defendants. | : | |

...ooOoo...

INDICTMENT.

COUNT ONE
(Wire Fraud Conspiracy)

The Grand Jury for the District of Maryland charges:

At all times material to this Indictment:

1.     Defendants **TONIA LYNETTE HUNT, KIMBERLY HUNT, AMANDA MARIAM MONET YOUNG, and GREGORY GERARD HUNT**, were residents of Maryland.

2.     JCPenney ("JCP") was a business based in Plano, Texas, which carried out retail sales of a variety of consumer goods, including clothing and accessories, jewelry, housewares, and other merchandise, in stores throughout the United States, including Maryland.

3.     When a person returned merchandise to JCP point of sale ("POS") register for a refund, and did not have a receipt reflecting the purchase of the product, JCP required the person to submit a driver's license or other Government-issued form of identification in order to receive a "refund credit" card, similar to a gift card, in the amount of the refund. The refund credit card

could be used to purchase merchandise at any JCP retail store. Each JCP refund credit card was assigned a unique number. When the refund credit card was subsequently used to pay for merchandise, the card number was tracked and recorded at the POS.

4.      JCP refund transactions at a POS register in a retail store resulted in the transmission of electronic signals from the POS register in Maryland to locations in other states. When merchandise was presented for refund, the JCP store employee processing the request would enter into a register computer in the store, relevant information from the presenter's identification document as well as the information regarding the refund amount. The information was electronically transmitted to a JCP data processing center in another state. Transaction information was then electronically transmitted to the JCP gift card third party processing service located in Louisville, Kentucky.

5.      When a JCP customer used both a JCP refund credit card and cash or cash equivalent to make a purchase, the receipt would reflect that the transaction involved cash. Thereafter, the newly acquired merchandise could be returned along with the receipt, at which time JCP would make a cash refund in the full amount of the purchase.

## Manner and Means of the Conspiracy and the Scheme to Defraud

6.      From not later than in or about December 2012, through in or about April 2014, in the District of Maryland and elsewhere, defendants **TONIA LYNETTE HUNT, KIMBERLY LYNN HUNT, AMANDA MARIAM MONET YOUNG, and GREGORY GERARD HUNT,** and others known and unknown to the Grand Jury, conspired and agreed together to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud JCP, and to obtain and attempt to obtain monies, funds and credits from JCP, through materially false

2

and fraudulent pretenses, representations and promises, as set forth more specifically below, and in the course of said scheme to defraud, caused to be transmitted wire communications in interstate commerce.

      7.     It was a part of the conspiracy and the scheme and artifice to defraud that:

      a.     The scheme involved a sequence of what are called "Toggle" transactions using JCP merchandise along with real and fraudulent identities to convert stolen JCP products into cash.

      b.     It was part of the conspiracy and scheme to defraud that defendants **TONIA LYNETTE HUNT, KIMBERLY LYNN HUNT, AMANDA MARIAM MONET YOUNG, and GREGORY GERARD HUNT**, recruited others known and unknown to the Grand Jury to shoplift, that is steal, JCP merchandise and also engage in JCP POS transactions involving JCP merchandise.

      c.     It was further part of the conspiracy and scheme to defraud that defendants, **TONIA LYNETTE HUNT, KIMBERLY LYNN HUNT, AMANDA MARIAM MONET YOUNG, and GREGORY GERARD HUNT,** and others known and unknown to the Grand Jury, entered JCP stores in Maryland, and shoplifted, that is stole, merchandise or purchased merchandise for which they paid with counterfeit U.S. currency.

      d.     It was further part of the conspiracy and scheme to defraud that defendants, **TONIA LYNETTE HUNT, KIMBERLY LYNN HUNT, AMANDA MARIAM MONET YOUNG, and GREGORY GERARD HUNT,** and others and unknown to the Grand Jury, would return the merchandise to either the same or a different JCP store for a no receipt refund. On several occasions, defendant **TONIA LYNETTE HUNT** presented to JCP POS

employees a Maryland Driver's License in the name of "L.J.," a real person, which included the personal identifying information of "L.J." The defendants received JCP refund credit cards for these no receipt return transactions.

        e.      It was further part of the conspiracy and scheme to defraud that defendants, **TONIA LYNETTE HUNT, KIMBERLY LYNN HUNT, AMANDA MARIAM MONET YOUNG, and GREGORY GERARD HUNT,** and others and unknown to the Grand Jury, then used the refund credit cards plus cash or cash equivalents to purchase other JCP merchandise, for which received receipts that reflected in part cash transactions.

        f.      It was further part of the conspiracy and scheme to defraud that defendants, **TONIA LYNETTE HUNT, KIMBERLY LYNN HUNT, AMANDA MARIAM MONET YOUNG, and GREGORY GERARD HUNT,** and others and unknown to the Grand Jury, then returned this merchandise to either the same or a different JCP store, with the receipt, for which return they would then receive a cash refund.

        g.      It was further part of the conspiracy and scheme to defraud that, on at least one occasion, when a JCP POS employee did not process a "Toggle" transaction in a way consistent with the scheme to defraud, defendant, **TONIA LYNETTE HUNT,** intimidated, harassed, and threatened said JCP employee in an attempt to get the employee to perform the fraudulent transaction.

        h.      It was further part of the conspiracy and scheme to defraud that defendants, **TONIA LYNETTE HUNT, KIMBERLY LYNN HUNT, AMANDA MARIAM MONET YOUNG, and GREGORY GERARD HUNT,** and others and unknown to the Grand

4

Jury, obtained and attempted to obtain during the conspiracy to defraud JCP, more than $200,000.

## The Charge

8.      Beginning on a date unknown, but from at least in or about November 2012, through in or about April 2014, in the District of Maryland, and elsewhere, the defendants,

**TONIA LYNETTE HUNT,**
**KIMBERLY LYNN HUNT,**
**AMANDA MARIAM MONET YOUNG, and**
**GREGORY GERARD HUNT,**

did combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to commit an offense in violation of 18 U.S.C. § 1343 (wire fraud); that is, to knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to cause to be transmitted, by wire communication in interstate commerce, certain signs, signals, and sounds, for the purpose of executing said scheme and artifice.

18 U.S.C. § 1349

## COUNTS TWO THROUGH SEVEN
(Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about the dates set forth in Column B below, in the District of Maryland and elsewhere, the defendants identified in Column C aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme and artifice to defraud described in Count One, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property in or about the amounts listed in Column D, caused to be transmitted in interstate commerce, by means of a wire communication, certain signals, signs, and sounds, that is, the defendants identified in Column C, knowingly caused the authorization and issuance, via wire transmissions, by JCP, of refund cards for store credit bearing the numbers listed in Column E , at the JCP retail store location listed in Column F:

| **A** | **B** | **C** | **D** | **E** | **F** |
|---|---|---|---|---|---|
| **Count** | **Date** | **Defendants** | **Refund Amt** | **Card No.** | **Store** |
| 2 | Jan 12, 2013 | **TONIA HUNT, and AMANDA YOUNG** | $157.94 | 6006492002223526460 | Owings Mills, Terminal 370 |
| 3 | Jan 12, 2013 | **TONIA HUNT, and AMANDA YOUNG** | $84.80 | 6006492002127826800 | Eastpoint Mall, Terminal 198 |
| 4 | Jan 12, 2013 | **TONIA HUNT, and AMANDA YOUNG** | $99.64 | 6006492002485323390 | Glen Burnie, Terminal 400 |
| 5 | Dec 2, 2012 | **TONIA HUNT** | $127.20 | 6006492001658962661 | Glen Burnie, Terminal 281 |
| 6 | Jan 27, 2013 | **GREGORY HUNT** | $190.80 | 6006492002504148620 | Owings Mills, Terminal 403 |
| 7 | Nov 23, 2012 | **KIMBERLY HUNT** | $212.00 | 6006492002111705366 | Columbia, Terminal 371 |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT EIGHT
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      On or about January 12, 2013, in the District of Maryland, the defendant,

**TONIA LYNETTE HUNT,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transferred, possessed and used, without lawful authority, a means of identification of another person, to wit: the defendant transferred, possessed, and used the Maryland Driver's License of "L.J." during and in relation to wire fraud conspiracy in violation of 18 U.S.C. §1349, as set forth in Count One of the Indictment and wire fraud in violation of 18 U.S.C. §1343, as set forth in Counts Two, Three and Four of the Indictment.

18 U.S.C. §§1028A(a)(1) and (c)(5)

## COUNT NINE
(Counterfeiting)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 of Count One are hereby incorporated by reference as though fully set forth herein.

2.      From in or about January 2014 and continuing until in or about May 2014, in the District of Maryland, the defendants,

**TONIA LYNETTE HUNT**
**and**
**KIMBERLY LYNN HUNT,**

with intent to defraud, did counterfeit, falsely make, forge, and alter any obligation and other securities of the United States, to wit: falsely made, forged and counterfeited Federal Reserve Notes, including, but not limited to, fifty-dollar Federal Reserve Notes, Serial Nos. IB47682698A, and IA25128869A; twenty-dollar Federal Reserve Notes, Serial Nos. JE59076771E, JL04811789G, and JE54234568F; and ten-dollar Federal Reserve Notes, Serial Nos. JF5776665B and JF59673137B.

18 U.S.C. § 471
18 U.S.C. § 2

8

## COUNT TEN
(Counterfeiting)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 of Count One are hereby incorporated by reference as though set forth fully herein.

2.      On or about February 3, 2014, in the District of Maryland, the defendant,

**TONIA LYNETTE HUNT,**

with intent to defraud, did knowingly pass, utter, publish, sell, and keep in her possession and conceal, falsely made, forged, counterfeited and altered obligations and other securities of the United States, that is, Federal Reserve Notes in the denomination of $10, at the JCP store in Columbia, MD.

18 U.S.C. § 472
18 U.S.C. § 2

## COUNT ELEVEN
(Counterfeiting)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 of Count One are hereby incorporated by reference as though set forth fully herein.

2.      On or about April 11, 2014, in the District of Maryland, the defendant,

**KIMBERLY LYNN HUNT,**

with intent to defraud, did knowingly pass, utter, publish, sell, and keep in her possession and conceal, falsely made, forged, counterfeited and altered obligations and other securities of the United States, that is, a Federal Reserve Note in the denomination of $10, at the Highs Gas Station  in Randallstown, MD.

18 U.S.C. § 472
18 U.S.C. § 2


Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date

10